

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2011

# Bethea v. Commissioner Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-3128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Bethea v. Commissioner Social Security" (2011). *2011 Decisions.* Paper 56.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/56

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-021                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3128
_____

STANLEY BETHEA,
Appellant

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Civil No. 4-09-cv-01378)
District Judge:  Honorable Malcolm Muir
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2011

Before:  RENDELL, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: December 21, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

Stanley Bethea, proceeding pro se, appeals an order of the United States District

Court for the Middle District of Pennsylvania denying his motion for a new trial.  For the

reasons that follow, we will affirm the order of the District Court.

Bethea filed a complaint in District Court seeking review of a determination by the Social Security Administration that Bethea may not receive Social Security payments as the representative payee of Nandira Williams. On November 19, 2009, the District Court granted the Commissioner of Social Security's motion to dismiss Bethea's complaint for lack of jurisdiction because Bethea had failed to exhaust his administrative remedies. On June 9, 2011, Bethea appealed the District Court's decision. We dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely filed. See C.A. No. 11-2565.

Shortly after filing his notice of appeal, Bethea filed in District Court a document entitled "Motion for a New Trial." Bethea asserted that his complaint was improperly dismissed, that the District Judge was biased, that he had not named the Commissioner of Social Security as a defendant in his complaint, and that he had demanded a jury trial. The District Court denied the motion, explaining that Bethea had offered no basis to reconsider its November 19, 2009, order granting the motion to dismiss or to reopen the case. This appeal followed.

We agree with the District Court that Bethea has offered no basis to reconsider its prior order or reopen his case. As recognized by the District Court, Bethea's complaint was dismissed for failure to exhaust administrative remedies. Bethea did not dispute that ruling in his motion for a new trial nor did he provide any factual support for his allegation of bias by the District Judge.

2

In his submission to this Court, Bethea reiterates his contention that the Commissioner of Social Security was improperly substituted as a defendant for the Social Security Administration, the named defendant in Bethea's complaint. This argument lacks merit. Jurisdiction over Social Security benefits cases is provided by 42 U.S.C. § 405(g), which authorizes judicial review of final decisions by the Commissioner by filing a civil action in district court. Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998). The Commissioner is the answering party in a civil action brought in district court. See 42 U.S.C. § 405(g). Thus, there was no improper substitution in Bethea's case.

Accordingly, because this appeal does not raise a substantial question, we will affirm the order of the District Court.